FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT - CLEVELAND

2008 FEB 14 PM 4:03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. BART, an individual; and ERIC N. WULFF, an individual. | ) Civil Action No.: <br> ) <br> BY _____ DEPUTY <br> ) <br> ) '08 CV 292 BEN JMA |
| Plaintiffs, | ) |
| v. | ) |
| | ) Electronically Filed |
| MORGAN STANLEY DW, INC., a corporation, | ) <br> ) Class Action |
| Defendant. | ) Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and others similarly situated, file the following Complaint, averring as follows:

1.  This is a collective/class action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and Ohio's Minimum Fair Wage Standards Act ("Ohio Wage Standards Act"), Ohio Revised Code Chapter 4111, to recover unpaid overtime, filed by Plaintiffs on behalf of all persons who at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant as "Securities Brokers" (sometimes also called "financial advisors," "financial consultants," "financial service representatives" and/or "investment executives") in the state of Ohio. The FLSA claim is being brought as an opt-in collective action pursuant to Section 216(b) of the FLSA and the Ohio Wage Standards Act claim is being brought as an opt-out class action pursuant to Fed.R.Civ.P. 23.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked overt the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and over the Ohio Wage Standards Act claim pursuant to

28 U.S.C. §1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 and this case is a class action in which the Plaintiffs are citizens of a state different than Defendant.

3. Venue for this action properly lies in the Northern District of Ohio, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

4. Plaintiff, Christopher D. Bart, is an adult individual residing at 5602 Bridge Avenue, Cleveland, Ohio 44102, and is a citizen of Ohio. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff, Eric N. Wulff, is an adult individual residing at 1211 W. 9th Avenue, Cleveland, Ohio, 44113. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b)

6. Defendant, Morgan Stanley DW, Inc., is a Delaware corporation with its principal place of business at 2000 Westchester Avenue LD, Purchase, New York 10577.

## FACTUAL BACKGROUND

7. During the past three years, Defendant has operated stock brokerage offices throughout the country that sell financial securities, stocks and other financial investments.

8. At all times, the wage and hour and all related employee compensation policies of Defendant's offices are and were dictated by, controlled by, and ratified by the Defendant.

9. The Plaintiffs were employees of Defendant. Plaintiff Bart began working at Defendant's office in Cleveland, Ohio as a Securities Broker on September 30, 1996. Plaintiff Wulff began working at Defendant's office in Cleveland, Ohio as a Securities Broker on January 5, 1996. Plaintiff Bart and Plaintiff Wulff quit working on December 15, 2006.

10. While employed by Defendant, Plaintiffs' wages were exclusively comprised of commissions and bonuses derived from the sale of stocks and other financial products.

11. While employed by Defendant, Plaintiffs, on occasion, worked in excess of forty (40) hours per week without receiving overtime compensation. The named Plaintiffs and every other broker at Defendant had sales of financial products, including securities and stocks, as their primary duty and were compensated almost exclusively on the basis of commissions earned by the sales of such financial products.

12. This action is filed on behalf of all persons who were improperly classified as "exempt" employees, and therefore deprived of overtime compensation, to recover all overtime pay due to them under federal and state law. These persons include current and former Securities Brokers employed at the Defendant's locations throughout Ohio during the three years preceding the filing of this action.

13. Pursuant to Defendant's uniform employment policies, brokers were classified as "exempt" and paid fixed commissions, irrespective of the hours they actually worked. During the class period, the employees at issue have worked more than 40 hours per week. Defendant's non-compliance with the requirements of the FLSA and the laws of Ohio was willful.

14. The duties of the brokers are set forth in uniform written company-wide policies and procedures promulgated by the Defendant.

15. Plaintiffs and all other members of the class are inside salespeople who are and were paid primarily on a commission basis (and therefore were not employed in a *bona fide* professional capacity). They have received no overtime pay as required by law. Their primary duty has been the sale of financial products such as stocks. Stocks are intended for resale and, therefore, lack the retail notion required for exemption.

16. The Plaintiffs and other class members are not administratively exempt because they do not meet the salary basis test and because their primary duty is the sale of securities.

17. Some evidence generally reflecting the number of overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiffs are unable to state at this time the exact amount owing to the class, Plaintiffs propose to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden overcoming such testimony shifts to the employer.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

18. Paragraphs 1-17 are incorporated by reference as if the same were fully set forth herein.

19. Plaintiffs bring the FLSA collective action on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. § 207 and 216(b) on behalf of:

> All persons employed by Defendant, in the state of Ohio, as commissioned "Securities Brokers", within the three years preceding the filing of this action, who worked more than 40 hours in any given work week and were not paid overtime compensation by Defendant. ("FLSA Class")

Upon information and belief, Plaintiffs believe that the definition of the FLSA Class will be further refined following discovery of Defendant's books and records.

20. Plaintiffs bring the Ohio Wage Standards Act Claim on behalf of themselves and all other persons similarly situated pursuant Fed.R.Civ.P. 23(b)(3) on behalf of:

>All persons employed by Defendant, in the state of Ohio, as commissioned "Securities Brokers", within the two years preceding the filing of this action, who worked more than 40 hours in any given work week and were not paid overtime compensation by Defendant. ("Ohio Wage Standards Act Class")

Upon information and belief, Plaintiffs believe that the definition of the Ohio Wage Standards Act Class will be further refined following discovery of Defendant's books and records.

21. Plaintiffs are unable to state the exact number of the class without discovery of Defendant's books and records but estimates the class to exceed several hundred individuals.

22. There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include:

   a. Whether Defendant's commissioned brokers were uniformly classified as exempt, in violation of the FLSA and Ohio state law;

   b. Whether Defendant failed to pay Plaintiffs and class members all overtime compensation due to them by virtue of their uniform designation of employees as exempt;

   c. Whether Plaintiffs and class members were expected to and/or mandated to regularly work overtime;

   d. Whether the types of deductions routinely made from wages by the Defendant were legal;

   e. The correct statute of limitations for Plaintiffs' and class members' claims;

   f. The correct method of calculating back overtime pay;

   g. Whether Plaintiffs and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

   h. Whether Defendant is liable for pre-judgment interest; and

   i. Whether Defendant is liable for attorney's fees and costs.

23. Defendant has acted and refused to act on grounds generally applicable to the class.

24. The claims of the representative Plaintiffs are typical of the claims of the class in that Plaintiffs were denied mandatory overtime wages as a result of Defendant's uniform policy of treating its brokers as exempt employees. This is the predominate issue which pertains to the claims of each and every class member.

25. The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

26. Plaintiffs will fairly and adequately protect the interests of the class, as their interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its brokers.

27. Counsel for Plaintiffs will adequately protect the interests of the class. Such counsel are experienced with employment/class litigation and have previously served as class counsel in employment litigation.

28. Plaintiffs and the class they represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

29. Plaintiffs, as well as the individuals they represent, were denied minimum wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

30. Defendant's action in denying overtime wages to Plaintiffs was intentional and constitutes a willful violation of the FLSA and Ohio state law.

## COUNT I

31. The allegations set forth in paragraphs 1 through 30 are incorporated herein.

32. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant employed Plaintiffs and each member of the collective action consistent with the terms of the FLSA.

33. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

34. As a consequence of Defendant's employment practices regarding its brokers, Plaintiffs and the class were denied statutory overtime wages.

35. Plaintiffs and the class were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

36. Defendant's policy of not paying its brokers overtime wages represents and results in a willful violation of the FLSA's minimum wage requirements.

37. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiffs respectfully request:

    a. All applicable statutory damages;

    b. A Declaration that Defendant has violated the FLSA;

    c. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

    d. An Order appointing Plaintiffs and their counsel to represent those individuals opting-in to the collective action;

    e. An Order awarding attorneys' fees and costs; and,

    f. All other relief the Court deems appropriate.

## COUNT II

38. The allegations set forth in paragraphs 1 through 37 are incorporated herein.

39. Defendant has failed to maintain, keep and/or otherwise preserve records regarding the wages, hours and other practices and conditions of employment in violation of the FLSA.

40. Defendant's conduct was a willful violation of the FLSA.

41. As a result, Plaintiffs are entitled to recover unpaid overtime compensation, liquidate damages, reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request:

g. All applicable statutory damages;

h. A Declaration that Defendant has violated the FLSA;

i. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

j. An Order appointing Plaintiffs and their counsel to represent those individuals opting-in to the collective action;

k. An Order awarding attorneys' fees and costs; and,

l. All other relief the Court deems appropriate.

## COUNT III

42. The allegations set forth in paragraphs 1 through 41 are incorporated herein.

43. Ohio Revised Code §4111.03(A) provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §207,213, as amended.

44. There are no exemptions applicable to Plaintiffs and members of the class.

45. Defendant's failure to pay overtime to Plaintiffs and the class constitutes a violation of Ohio Revised Code §4111.

46. Plaintiffs are "employees" of Defendant as defined in Ohio Revised Code Section 4111.01(D).

47. Defendant is an "employer" as defined in Ohio Revised Code Section 411.01(C).

WHEREFORE, Plaintiffs respectfully request:

    a. All applicable statutory damages;

    b. A Declaration that Defendant has violated Ohio Revised Code Section 4111;

    c. An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

    d. An Order appointing Plaintiffs and their counsel to represent the class;

    e. An Order awarding attorneys' fees and costs; and,

    f. All other relief the Court deems appropriate.

Dated: January 19, 2006

Respectfully submitted,

/s/Gary F. Lynch

Gary F. Lynch, Esquire
PA I.D. 56887
glynch@carlsonlynch.com

CARLSON LYNCH LTD
36 N Jefferson Street
PO Box 7635
New Castle, PA 16107
(T) 724-656-1555
(F) 724-656-1556

Of Counsel:

A. Hoyt Rowell, III
Daniel O. Myers
RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

**JURY TRIAL DEMANDED**

Cat06, MDLRMD, Termed, Vecchiar

## U.S. District Court
## Northern District of Ohio (Cleveland)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00169-DAP
### Internal Use Only

Bart et al. v. Morgan Stanley DW, Inc.
Assigned to: Judge Dan Aaron Polster
Cause: 29:201 Fair Labor Standards Act

Date Filed: 01/19/2007
Date Terminated: 02/14/2008
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Christopher D Bart**    represented by **Gary F. Lynch**
36 North Jefferson Street
P.O. Box 7635
New Castle, PA 16107
724-656-1555
Fax: 724-656-1556
Email: glynch@carlsonlynch.com

**Plaintiff**

**Eric N Wulff**    represented by **Gary F. Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Morgan Stanley DW Inc.**    represented by **Jeremy P. Blumenfeld**
Morgan, Lewis & Bockius -
Philadelphia
1701 Market Street
Philadelphia, PA 19103
215-963-5258
Fax: 215-963-5001
Email: jblumenfeld@morganlewis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2007 | 1 | Complaint with jury demand against Morgan Stanley DW Inc. ( Filing fee 350 receipt number 2300147.). Filed by Christopher D Bart, Eric N |

| | | |
|---|---|---|
| | | Wulff. (Attachments: # 1 Summons # 2 Civil Cover Sheet)(Lynch, Gary) (Entered: 01/19/2007) |
| 01/19/2007 | | Judge Solomon Oliver, Jr assigned to case. (C,BA) (Entered: 01/19/2007) |
| 01/19/2007 | | Random Assignment of Magistrate Judge pursuant to Local Rule 3.1. In the event of a referral, case will be assigned to Magistrate Judge Vecchiarelli. (C,BA) (Entered: 01/19/2007) |
| 01/22/2007 | 2 | Summons and Magistrate Consent Form issued to counsel for service upon Morgan Stanley DW Inc. (Attachments: # 1 Magistrate Consent Form) (C,BA) (Entered: 01/22/2007) |
| 01/23/2007 | 3 | Order reassigning case to Judge Dan Aaron Polster for all further proceedings. Signed by Judge Solomon Oliver Jr. on 1/23/2007. (D,M) (Entered: 01/23/2007) |
| 04/19/2007 | 4 | Motion for extension of time until May 19, 2007 to file Class Certification Motion filed by Christopher D Bart, Eric N Wulff. (Lynch, Gary) Modified text on 4/24/2007 (B, R). (Entered: 04/19/2007) |
| 04/20/2007 | 6 | Marginal Order denying 4 Motion for Extention of time to file class certification motion. The Court will not address class certification until after defendant is served with a copy of the complaint. Signed by Judge Dan Aaron Polster on 4/20/07.(P,R) (Entered: 05/22/2007) |
| 05/08/2007 | 5 | Return of Service Executed upon Morgan Stanley DW, Inc. by U.S.P.S. Certified Mail Return Receipt on March 23, 2007 filed by all plaintiffs (Attachments: # 1 Exhibit A, Certified Mail, Return Receipt)(Lynch, Gary) (Entered: 05/08/2007) |
| 05/31/2007 | 7 | Answer to Complaint (Related Doc # 1 ) filed by Morgan Stanley DW Inc.. (Blumenfeld, Jeremy) (Entered: 05/31/2007) |
| 02/14/2008 | 8 | Conditional Transfer Order (CTO-2) ; certified copy from The Judicial Panel on Multidistrict Litigation with case list attached. Clerk, Judicial Panel Multidistrict Litigation transferring case to the Southern District of California and assigned to Judge Roger T. Benitez. (S,J) (Entered: 02/14/2008) |
| 02/14/2008 | | Complaint, docket sheet and CTO sent to Southern District of California by email on 2/14/08. (S,J) (Entered: 02/14/2008) |

A CERTIFIED TRUE COPY

JAN 1 6 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED

2008 FEB 14 PH 3: 03

...DISTRICT OF OHIO
CLEVELAND

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 7 2007

FILED
CLERK'S OFFICE

### DOCKET NO. 1806

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)

*Christopher D. Bart, et al. v. Morgan Stanley DW, Inc.,* N.D. Ohio, C.A. No. 1:07-169

### CONDITIONAL TRANSFER ORDER (CTO-2)

On December 27, 2006, the Panel transferred six civil actions to the United States District Court for the Southern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 471 F.Supp.2d 1353 (J.P.M.L. 2006). Since that time, one additional action has been transferred to the Southern District of California. With the consent of that court, all such actions have been assigned to the Honorable Roger T. Benitez.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of California and assigned to Judge Benitez.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of California for the reasons stated in the order of December 27, 2006, and, with the consent of that court, assigned to the Honorable Roger T. Benitez.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.



Inasmuch as no objection is pending at this time, the stay is lifted.

JUN 2 5 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby attest and certify on 2-6-08
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

by _____ Deputy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Christopher D. Bart | Morgan Stanley DW Inc. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  PA (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  PA (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Gary F. Lynch 36 North Jefferson Street P O Box 7635 New Castle PA 16107 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☑ Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 29:201 Fair Labor Standards Act

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | | ☑ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☑ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE   Docket Number

DATE 2-15-08   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, gieving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)